# Owens v. The State.

### Indictment for keeping or exhibiting a Gaming-table.

*Gaming-table; keeping or exhibiting, constituents of offence.* — The only proof of " Keeping or exhibiting a table for gaming," consisted of the testimony that defendant urged witness to go with him to defendant's room; that witness, defendant and two others, went to defendant's room, which contained a bed on which he slept and " a plain, pine table, without letters, device or figures thereon," from which defendant took up a deck of cards, separating the pack into two parts, in one disclosing an " ace " and the other a " king," and offered to bet witness a sum of money that defendant could shuffle the two portions so as to bring out the " ace " and " king," together; that witness declined, when one of the persons who accompanied them to the room, offered to " go halves " with witness, if he would

[Owens *v.* State.]

bet, which witness declined; that witness shortly left. the room; that nothing was done with the cards, other than as stated; that no game was played and no offer made to play any game or to make any other bet. *Held:* 1. That the evidence did not authorize the conviction of defendant under § 3621 of the Revised Code, for " keeping or exhibiting a table for gaming." 2. That under such a state of facts, it is error for the court to charge, *ex mero motu*, " that any table which was kept for the purpose of playing cards or other games thereon, whether the table' formed a part of the game or not, was a gaming-table within the meaning of the statute; and that to constitute a gaming-table it is not necessary that any game should ever have been played on the table, if it was " kept and exhibited for that purpose."

APPEAL from the City Court of Montgomery.

Tried before Hon. JOHN A. MINNIS.

The facts are stated in the opinion of the court.

R. M. WILLIAMSON, THOMAS G. JONES and JEFFERSON M. FALKNER, for appellant.

JOHN W. A. SANFORD, Attorney General, *contra.*

JUDGE, J. — The appellant was indicted and convicted, under section 3621 of the Revised Code, for " keeping or exhibiting a table for gaming."

The only witness examined for the prosecution was one Merritt, who testified in substance as follows : That on the morning of November 19, 1874, the witness was invited by the defendant to his room ; that witness at first declined to accept the invitation, but on being repeatedly solicited by defendant to make the visit, said he would have to go to a clothing store to get him a new shirt; that defendant then told witness that if he would go to his room, that he, defendant, would loan witness a clean shirt; that thereupon witness went to defendant's room, in company with defendant, and one Jacob Farden, and John Murphy, and in the room put on one of defendant's shirts; that after witness had dressed, defendant took up a deck of cards, which was lying on a small pine table, and opening the deck disclosed a king and an ace in the two respective portions of the deck, and proposed to bet witness five dollars that he could so shuffle the cards as to make the ace and king come out together; that witness refused to take the bet, when said Farden offered to go halves with the witness, if he would bet ; that witness again refused to bet, and immediately left the room. The witness further testified that nothing more was done with the cards than as above stated ; that no game was played, and no offer made to play any game, or make any other bet; and that the table was a plain pine table with no letters, figures, or devices thereon.

It was also proved that there was a bed in the room on which defendant slept.

[Bell v. Craig.]

The bill of exceptions purports to set out all the evidence introduced on the trial, and the above is the only testimony which tended to establish the charge as laid in the indictment.

The court *ex mero motu* charged the jury as follows : " That any table which was kept for the purpose of playing cards, or other games thereon, whether the table formed any part of the game or not, was a gaming-table within the meaning of the statute ; and that to constitute a gaming-table, it is not necessary that any game should ever have been played on the table, if it was kept and exhibited for that purpose."

This charge was too broad, and besides was calculated to mislead the jury. Without undertaking to define what is necessary in all cases to constitute the particular offence for which the defendant was indicted, we hold that the evidence in this cause was not sufficient to justify the above charge.

The defendant requested the court to give to the jury the following charge : " That if the proof shows that no game was played ; and that a deck of cards was on the table in defendant's room, and that defendant proposed to bet that he could shuffle the cards, and bring out the ace and king together, and the bet was not taken, and there is no evidence that any other game was ever played in said room, or on said table, then the defendant cannot be convicted."

Under the evidence, this was a proper charge, and the court erred in refusing to give it.

Let the judgment be reversed and the cause remanded ; and the defendant will remain in custody until discharged by due course of law.