(106 So. 133)

**SAULS v. LEATH et al.    (7 Div. 585.)**

(Supreme Court of Alabama.    Nov. 5, 1925.)

**1. Pleading ⊖9—Allegations held proper conclusions from facts previously alleged.**

In action in trespass against sheriff and his surety, for levying an execution on plaintiff's property, pleas alleging that property was subject to levy and sale under the execution and judgment, and that plaintiff in execution had a lien thereon, and same was liable to such execution, were proper conclusions from the facts previously alleged, viz. facts showing that plaintiff in execution had a lien by virtue of recorded judgment under the statute.

**2. Fraudulent conveyances ⊖277(1)—Plaintiff suing sheriff for levying execution must prove title acquired for adequate and valuable consideration.**

Where plaintiff purchased property from one to whom defendant in execution, subsequent to recorded judgment, had sold it in satisfaction of old debt, in action against sheriff and his surety for levying an execution thereon to satisfy such demand, burden rested on plaintiff to prove that a valuable and adequate consideration was paid for such property in the transaction by which plaintiff acquired title.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action by Roy Sauls against R. A. Leath and the National Surety Company. From a judgment for defendants, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326.    Affirmed.

Charge 3 (the basis of the third assignment of error), given for defendants, is as follows:

"The court charges the jury that, if they are reasonably satisfied from the evidence that, at the time the property is alleged to have been turned over to the bank by the said A. C. Sauls, the said A. C. Sauls was indebted to W. H. Ashley [plaintiff in execution] then the burden is on the plaintiff to show it paid an adequate and valuable consideration for said property."

Goodhue & Lusk, of Gadsden, for appellant.

To constitute a good plea, the facts to be relied upon should be set forth, not mere conclusions. Gillespie v. McClesky, 160 Ala. 289, 49 So. 362; Robertson v. Hooten, 17 Ala. App. 258, 85 So. 582; Frazier v. Thomas, 6 Ala. 169; 31 Cyc. 64. Charge 3, given for defendants, was an erroneous statement of law as applicable to this case. Montgomery v. Leith, 162 Ala. 246, 50 So. 210; Tyson v. Sou. Cot. Co., 181 Ala. 256, 61 So. 278; Allen v. Overton, 208 Ala. 504, 94 So. 477; Little v. Sterne, 125 Ala. 609, 27 So. 972; First Nat. Bank v. Smith, 93 Ala. 97, 9 So. 548.

Motley & Motley, of Gadsden, for appellees.

The debt of plaintiff in execution having been in existence, and the bank having taken a transfer in consideration of a past-due debt from Sauls to the bank, the burden was on plaintiff to show that the consideration was valuable and adequate. Chipman v. Glennon, 98 Ala. 263, 13 So. 822; McTeers v. Perkins, 106 Ala. 411, 17 So. 547; London v. Anderson Brass Works, 197 Ala. 16, 72 So. 359.

SAYRE, J.    Appellant sued appellees, sheriff and the surety on his official bond, in trespass and trover. Appellant's contention was that defendant sheriff had levied an execution on his property to satisfy the debt of his father, A. C. Sauls.

[1] Pleas 3 and 4 were not subject to the demurrers leveled against them. These pleas allege (plea 3) that "said property was subject to levy and sale under the said execution and judgment," and (plea 4) that the plaintiff in execution "had a lien on said property, and the same was liable to the execution levied." The quoted allegations are conclusions of the pleader, but they are conclusions, and proper conclusions, from the facts previously alleged, viz. facts showing in short, that plaintiff in execution had a lien by virtue of a recorded judgment under the statute in such cases made and provided. There is no reason why a pleader should not draw his conclusion from the facts alleged—where the facts admit of different conclusions, it is necessary that the pleader conclude—provided he draws the correct conclusion, as defendants did.

[2] Plaintiff's case was that he had purchased the property levied upon from the bank to which his father, defendant in execution, subsequent to the recorded judgment alleged in pleas 3 and 4, had sold it in satisfaction of an old debt. Defendants insisted that the transaction between the bank and the defendant in execution was simulated, and it cannot be said there was no evidence to warrant a conclusion in agreement with this contention. In these circumstances the burden rested upon plaintiff to show that, in the transaction by which the bank—and, through the bank, plaintiff—claimed to have acquired title from the defendant in execution, the consideration paid was both valuable and adequate. Chipman v. Glennon, 98 Ala. 263, 13 So. 822; London v. Anderson Brass Works, 197 Ala. 16, 72 So. 359. The special instruction shown in the third assignment of error was properly given at the request of defendants.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.