(124 So. 211)

STATE ex rel. GLENN v. WILKINSON.
(6 Div. 250.)

Supreme Court of Alabama. Jan. 24, 1929.

As Modified, on Denial of Rehearing, May 30, 1929. Further Rehearings Denied June 27, 1929, and Oct. 31, 1929.

Richard H. Fries, of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, pro se.

BROWN, J. This is an action in the nature of quo warranto, authorized by section 9932 of the Code of 1923. The complaint alleges that the respondent "usurps intrudes into or unlawfully holds or exercises a public office * * * to-wit: Chairman of the Alabama Athletic Commission, in that previous to and since the 1st day of July 1927, said Wilkinson was holding and now holds one office of profit under this State, to-wit: Assistant City Attorney of the City of Birmingham, a municipal corporation, existing under the laws of the State, and whilst holding said city attorneyship was on to-wit: the 16th day of June 1927, appointed to hold another office of profit under this State, to-wit: Chairman of the Alabama Athletic Commission, and as Ex-officio Recorder of Permits and Licenses has received and is receiving large sums of money, to-wit: one third of all moneys collected by said commission under and by virtue of an act of legislation of said State allowing prize fights, boxing, etc., as more fully set forth on page 92, et seq., General Acts 1927 of said State, approved July 1st, 1927; that said Wilkinson holds said two offices of profit under this State at one and the same time in express violation of Section 280 of the Constitution of said State."

The demurrers questioning the sufficiency of the petition on grounds, among others, "because the court judicially knows that there is no such office of profit under this State as the alleged office of Assistant Attorney of the City of Birmingham, a municipal corporation," and "because the petition fails to show with sufficient certainty that this defendant holds two offices of profit under the State of Alabama," were sustained, and, the petitioner refusing to plead over, the court entered judgment dismissing the petition.

The provisions of the Constitution here invoked are that "No person holding an office of profit under the United States, except postmasters, whose annual salaries do not exceed two hundred dollars, shall during his continuance in such office hold any office of profit under this state; nor, *unless otherwise provided in this constitution, shall any person hold two offices of profit at one and the same time under this state, except justices of the peace, constables, notaries public, and commissioners of deeds.*" Constitution 1901, § 280. (Italics supplied.)

It is well-settled law that the courts of the state take judicial notice of the public offices of the state and the source of their authority. Therefore, if the averments of the petition that the respondent holds and exercises the office of assistant attorney of the city of Birmingham, an office of profit existing under the laws of this state, are inconsistent with such judicial knowledge, the averments are negatived thereby, and are rendered insufficient to sustain the cause of action. United States v. Smith, 124 U. S. 531, 8 S. Ct. 595, 31 L. Ed. 534; Cary v. State, 76 Ala. 78; Beggs v. State, 55 Ala. 108; Lacey v. State, 13 Ala. App. 212, 68 So. 706, affirmed in Ex parte Lacey (Lacey v. State) 193 Ala. 677, 69 So. 1018.

The courts also take judicial knowledge of the charters of municipal corporations,

and of the authority they confer, City of Selma v. Mullen, 46 Ala. 411; Perryman v. City of Greenville, 51 Ala. 507; Albrittin v. Mayor & Aldermen of Huntsville, 60 Ala. 486, 31 Am. Rep. 46; Mayor & Aldermen of Wetumpka v. Wetumpka Wharf Co., 63 Ala. 611; City Council of Montgomery v. Hughes, 65 Ala. 201; City Council of Montgomery v. Wright, 72 Ala. 411, 47 Am. Rep. 422; Lord v. City of Mobile, 113 Ala. 360, 21 So. 366; Mayor & Aldermen of Birmingham v. Starr, 112 Ala. 98, 20 So. 424; Mayor & Aldermen of Birmingham v. Tayloe, 105 Ala. 170, 16 So. 576; and by statute are required to take judicial notice of ordinances, laws, and by-laws of all cities having a population of as much as 100,000 people, according to the last federal census. Acts 1915, pp. 294–297, § 7; Birch v. Ward et al., 200 Ala. 118, 75 So. 566.

On further and more mature consideration, we are of opinion, and so hold, that any state, county, and municipal office, whether elective or appointive, carrying as a necessary incident to its exercise some part of the sovereign power of the state, the term and salary or perquisites of which are fixed by law, is an office of profit within the purview and meaning of section 280 of the Constitution of 1901. State v. Sanders, 187 Ala. 79, 65 So. 378, L. R. A. 1915A, 295.

Section 584, page 264, of the Code of Ordinances of the City of Birmingham, provides: "The officers of the city, in addition to the commissioners, shall be as follows: City attorney, bacteriologist, building inspector, chief of fire department, chief of police, clerk, city comptroller, custodian of city halls, custodian of captured and stolen property, electrician, city engineer, health officer, inspector of weights and measures, meat and milk inspector, municipal surgeon, plumbing inspector, purchasing agent, pound keepers, recorder, chief sanitary inspector, street commissioner, superintendent of garbage collection, superintendent of department of relief and corrections, wardens *and such assistants as the commission may employ.* But nothing herein contained shall prevent the commission from employing one person to perform the duties of two or more offices, and in such event the commission *shall stipulate* what salary shall be paid for performing the duties of such combined office."

And section 587, page 265, provides, inter alia: "The commission shall have power to fix the salaries of city officials and employees in such amounts as shall be in keeping with the state laws." And section 602, page 269, which prescribes the duty of city attorney, among other things, provides: "5. He shall prosecute or defend or cause to be prosecuted or defended by his assistant or assistants, as the case may require, all suits begun during his term, and all unfinished suits," etc. And subsection 9 provides: "He shall be subject to removal by the commission, and in the event of removal or vacancy from any cause the commission shall elect his successor," etc.

So far as we have been able to find, there is no provision in the City Code or the statute that fixes the term or compensation of the city attorney or his assistants, and the only duties attaching to his office are such as are performed by an attorney at law for his clients.

Still the appellant strenuously insists that the appellee, who is an assistant city attorney of the city of Birmingham, is holding an office of profit under the state. It is just as plausible to contend that the "city engineer," "the health officer," "municipal surgeon," or "superintendent of garbage" are holding offices of profit under the state, as it is to contend that the assistant city attorney is holding such office.

It has been ruled that "a chief engineer of a city fire department, appointed by the council and subject to removal by it, is not an 'officer' within Const. art. 14, § 8, prohibiting an increase in the salary of any officer during his term of office. State ex rel. Kane v. Johnson, 123 Mo. 43, 27 S. W. 399, 401." 6 Words and Phrases, First Series, p. 4943. So, with the general superintendent of waterworks. Cramer v. Water Com'rs of New Brunswick, 57 N. J. Law, 478, 31 A. 384, 385. 6 Words and Phrases, First Series, p. 4943. So, with the state health officer. State v. Sanders, 187 Ala. 79, 65 So. 378, L. R. A. 1915A, 295.

Whatever else the position of assistant city attorney of the city of Birmingham may be called, it is too clear for argument that it is not an office of profit under the state, within the meaning of the Constitution. We think, to the contrary, that it is clear that he is nothing more than an employé.

The rulings and judgment of the circuit court are free from error and must be affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.