(124 So. 213)

**STATE ex rel. HORNE v. WILKINSON.** (6 Div. 372.)

Supreme Court of Alabama. June 27, 1929.

Richard H. Fries, of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, pro se.

BOULDIN, J. In so far as the present proceeding seeks to exclude respondent from the office of chairman of Alabama athletic commission because of his concurrent holding of the position or office of assistant city attorney of the city of Birmingham, it presents the same question decided in State of Alabama ex rel. George A. Glenn v. Horace C. Wilkinson, post, p. 172, 124 So. 211. As to that issue this cause is affirmed on the authority of that decision.

Treating this proceeding as sufficient to invoke jurisdiction to oust respondent from the position of attorney for the sheriff of Jefferson county because he holds the office of chairman of the athletic commission, it is sufficient to say the employment as attorney is not a public office within the meaning of section 280 of the Constitution.

Section 8 of the act to regulate the office of sheriff of Jefferson county (General Laws 1923, p. 95) reads: "That the sheriff is authorized to employ an attorney to advise and, represent him in his official capacity, and such attorney shall be paid by the county out of the general fund of such county, the amount of his compensation to be fixed by the board of revenue, and to be paid in monthly installments."

The sheriff "employs" the attorney. He is an "employé" of that official. His service is personal to the sheriff, although in aid of the performance of official duty by the sheriff. Theretofore the sheriff had the same authority to employ an attorney to represent and advise him as sheriff. The only change wrought is that the board of revenue fixes the amount of compensation and pays the sheriff's attorney from the general funds of the county. The act looks to carrying out the Birmingham amendment by requiring all sheriff's fees and commissions to be paid into the county treasury, and in lieu thereof the sheriff is given a salary and "allowances," among which is compensation to his attorney in such amount as the board of revenue shall determine.

The terminology, as well as the manifest intent of the act as a whole, is to recognize the relation of attorney and client between the sheriff and his attorney, and not to create a public office, with all the rights and incidents pertaining thereto.

Affirmed.

ANDERSON, C. J., and GARDNER and. FOSTER, JJ., concur.