162 So. 312

### BLACKWELL v. STATE.
### 8 Div. 121.

Court of Appeals of Alabama.
March 26, 1935.

Rehearing Denied April 16, 1935.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

S. A. Lynne, of Decatur, for appellant.

BRICKEN, Presiding Judge.

This appeal is from a judgment of conviction pronounced and entered by the court without a jury; wherein this appellant was tried upon an indictment which charged him with the violation of an act of the Legislature of Alabama approved July 25, 1931. General Acts of Alabama 1931, pp. 806–809, the title thereof being: "To Suppress The Evils Of Gambling Devices," etc.

The trial in the court below was upon an agreed statement of facts, which is as follows:

"Comes the State by its Solicitor and the defendant in person and by counsel and in open court the following is agreed on as a statement of facts upon which the cause may be tried:

"The defendant did, within twelve months before the finding of this indictment and in Morgan County, Alabama, possess, keep, own and operate a machine or mechanical device substantially as follows: about eighteen to sixteen inches deep, upon which there is an opening or slot into which a nickel may be placed. There is also upon said machine a lever, a knob, and a pan. Upon the placing of a nickel in the opening or slot, the lever may be pulled and upon some occasions when it is pulled, money, in varying amounts, sometimes greater than a nickel, drops into the pan; upon other occasions no money drops into the pan. Upon each occasion when the lever is pulled a package of mints may be had by turning the knob on said machine, and mints being openly displayed. The machine does not indicate, before the player deposits his nickel, what he will receive, except it does indicate that he will receive a package of mints upon each occasion, by a plain statement written thereon. Before setting up or operating said machine, the defendant paid for and obtained from the Judge of Probate of Morgan County, Alabama, a license for the operation of said machine."

This was all the evidence.

Upon submission in this court counsel for appellant filed elaborate briefs, wherein the points of decision involved are clearly presented and discussed. It is contended that the act in question (referred to above) is in violation of section 45 of the Constitution of Alabama 1901, which provides, among other things, that each law shall contain but one subject, which shall be clearly expressed in its title, etc.

It is also insisted that said act was not passed in accordance with the provisions of section 61 of the Constitution, which provides: "No law shall be passed except by bill, and no bill shall be so altered or amended on its passage through either house as to change its original purpose."

The remaining insistence as to the unconstitutionality of the act is that it was not passed in accordance with section 63 of the Constitution, which provides: "Every bill shall be read on three different days in each house."

Appellant also insists that the court assessed an excessive and improper punishment in fixing the fine at $250, and in also sentencing appellant to additional hard labor for the county for three months.

In this connection it is insisted the punishment, upon conviction, should have been as prescribed in section 4248 of the Code 1923, which is a fine of not less than $10, nor more than $50.

For sufficient statutory reasons the above-quoted points of decision were by this court submitted to the Supreme Court of Alabama for determination under the provisions of section 7322 of Code 1923. In response thereto the Supreme Court had the following to say:

"ANDERSON, Chief Justice.

"The body of the act (Gen. Acts 1931, p. 806) is cognate or germane to the title and does not offend section 45 of the Constitution of 1901. The main purpose of the bill, as expressed in the title, was to suppress the evils of gambling devices, to define same, to provide for the seizure and destruction of same, and the body of the bill so conforms to the general purpose as expressed in the title as not to violate section 45 of the Constitution.

"It is true that said act as finally adopted is much broader than the bill as originally introduced and much more comprehensive as to details, but we do not think that the purpose of the bill was so changed as to violate section 61 of the Constitution. The main purpose of the bill as introduced was to prohibit the operation of punchboards and slot machines, and the bill as passed simply broadens the scope and purpose and prevents the possession, etc., of same which tends to prevent the operation of same. We therefore hold that the amendments or changes were mere extensions or related to details and did not change the general purpose of the bill. Stein v. Leeper, 78 Ala. 517; Hall v. Steele, 82 Ala. 562, 2 So. 650; Alabama State Bridge Corporation v. Smith, 217 Ala. 311, 116 So. 695. True, the bill as amended does not specifically mention punchboards, but the instruments mentioned and described could include punchboards kept or used as a gaming device.

"You ask if the act conforms to section 63 of the Constitution, which deals with certain requirements connected with the passage of bills, and there is nothing in your inquiry or appellant's brief which points out or suggests a specific non-compliance with section 63. We do not, therefore, feel called upon to resort to the rec-

ord and trace and note each and every phase of the bill from its introduction to the final passage.

 "As the act is not repugnant to the constitutional provisions involved, the punishment fixed seems to comply with the act."

"Gardner, Bouldin, and Foster, JJ., concur."

 Under the provision of section 7322 of the Code 1923, the response of the Supreme Court, supra, controls this court. This being true, we must hold that neither of the insistences of appellant can be sustained, and as every point of decision involved upon this appeal has been (in said response by the Supreme Court) definitely decided adversely to the appellant, we can see no reason for a further discussion.

For the reasons stated, the judgments of conviction from which this appeal was taken is affirmed.

Affirmed.