162 So. 362

**HURVICH v. STATE.**

6 Div. 652.

Supreme Court of Alabama.

June 20, 1935.

R. M. Montgomery, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

FOSTER, Justice.

This is a suit in equity to declare a slot machine contraband and to be destroyed pursuant to the power contained in the act approved July 25, 1931 (Gen. Acts 1931, p. 806). It is not controverted that the machine, called a Roscoe, is a gambling device within the terms of that act.

█ Appellant contends that it is not subject to condemnation and destruction because it is not shown ever to have been used for gambling, and that he himself was a dealer in such machines, and not an operator, and had no purpose or intent ever to operate it.

Section 3 of the act (page 807) makes it "unlawful for any person * * * to possess, keep, own, set up, operate, or conduct, or permit to be set up, operated, or conducted, any gambling device prescribed in Section 1 of this Act, at any place whatsoever." Section 6 (page 808) provides that it shall be the duty of the solicitor to file a bill in equity praying that the device be forfeited and destroyed, and the cause shall proceed and be determined as near as may be as in cases for the forfeiture and destruction of contraband liquors, conveyances, and vehicles transporting prohibited liquors. The latter proceedings are set forth in sections 4775, 4776, 4777, 4778, Code. They have been held constitutional (House and Lot v. State, 204 Ala. 108, 85 So. 382, 10 A. L. R. 1589), and so has the act here in question (Blackwell v. State, ante, p. 139, 162 So. 310).

We have shown that our statute uses the words "possess" and "own," as well as "keep," "set up," "operate," and "conduct."

Some of the authorities hold that to "keep" in connection with "set up" and "operate" does not exist unless the machine is set up or kept for operation by him who is so charged. Haycraft v. Commonwealth, 243 Ky. 568, 49 S.W.(2d) 314; see, also, Owens v. State, 52 Ala. 213; Harris v. State, 31 Ala. 362; Id., 33 Ala. 373. Others hold that it includes the mere possession or ownership without proof of an intent to use for gambling purposes. Bobel v. People, 173 Ill. 19, 50 N. E. 322, 324, 64 Am. St. Rep. 64. It was there said: "And we are of the opinion that it was the purpose of the legislature in enacting this statute, not only to suppress the use of these gambling devices, or the keeping of them for gambling purposes, but also to prohibit the ownership or the keeping of them, whether for gambling purposes or not; otherwise, why make it a criminal offense to own or keep them, without qualification as to the purpose of such ownership or keeping, and why provide for their seizure and destruction?"

That, we think, is what was intended by the language of our statute, whose words, in this connection, we have quoted. We think it is clear that for the purpose of preventing the use of a device for gambling the Legislature may prohibit its possession or ownership, when it is designed for that purpose. The statute does not make its intended use for gambling a prerequisite.

█ Without doubt the Roscoe machine as described in the bill of exceptions is a gambling device. Howle v. City of Birmingham, 229 Ala. 666, 159 So. 206.

█ The constitutional right which counsel suggest in brief is here violated is the due process provision, in that mere ownership or possession of a gambling device without an intention by the possessor to operate or conduct it, or permit it to be done, is property which cannot be condemned without just compensation. But the right here exercised is not that of eminent domain, but the police power of the state, by which it may, without compensation to the owner, cause the destruction of property (not take it for use), which is declared by valid legislation proper to promote the health, morals, or safety of the community, so that the owner is sufficiently compensated (though compensation is not necessary) by sharing in the general benefits resulting from the exercise of such

580

power. Mugler v. Kansas, 123 U. S. 623, 8 S.Ct. 273, 31 L. Ed. 205.

It seems clear to us therefore that the contentions made by appellant are not sufficient to justify a reversal of the decree.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.