179 So. 259

McGEE v. STATE ex rel. SIVLEY, Solicitor.

7 Div. 465.

Supreme Court of Alabama.

Feb. 17, 1938.

Motley & Motley, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., for appellee.

FOSTER, Justice.

The bill in this case was evidently drawn to conform to the power and jurisdiction

 

conferred by section 6 of an Act of July 25, 1931, pp. 806, 808, and whose purpose is to have a certain gambling device operated by appellant forfeited and destroyed, as contraband.

The bill alleges that he operates such a device, where small amounts of money are hazarded to gain large sums, to be determined by chance, not by choice or skill, or that he permits it to be operated, etc., and adds by amendment that it is a public nuisance. We have merely stated enough to show the nature and purpose of the bill.

The demurrer is in substance that it seeks to enjoin a criminal act; that there is a complete remedy at law; that it does not set out the facts showing that the operation of the device is a nuisance; and that the facts which are alleged are not sufficient to do so.

■ Prior to the enactment in question, we sustained a bill in equity filed to give effect to a city ordinance similar in some respects to it. Lee v. City of Birmingham, 223 Ala. 196, 135 So. 314. And since then, and in respect to its authority, we have likewise thus sustained it. Hurvich v. State, 230 Ala. 578, 162 So. 362; One Penny Marble Machine v. State, 233 Ala. 678, 173 So. 91; Try-Me Bottling Co. v. State, 178 So. 231, ante, p. 207. Much of the argument here made is there fully answered.

■ The power here sought to be enforced is by that act expressly conferred on the equity court, not dependent upon any more detail in the averment of facts to sustain an allegation that the operation of such a device is a nuisance; and may be abated and the machine confiscated. 27 Corpus Juris 1045.

We think no further discussion than was made in the cases cited above is necessary to sustain the equity of this bill.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.