197 So. 91

**KROPP v. CITY OF TUSCALOOSA.**

**6 Div. 649.**

Court of Appeals of Alabama.

June 25, 1940.

DeGraffenreid & McDuffie, of Tuscaloosa, for appellant.

420

E. W. Skidmore, of Tuscaloosa, for appellee.

**BRICKEN, Presiding Judge.**

Appellant was tried and convicted in the Recorder's Court of the City of Tuscaloosa for the offense of owning a gambling device and from said judgment of conviction appealed to the Circuit Court. On the trial in the Circuit Court the City filed a complaint to which the defendant interposed certain demurrers, which were overruled by the court; whereupon defendant entered a plea of not guilty to the charge as set out in the complaint. After hearing the evidence and the argument of counsel the court, sitting without a jury, found the defendant guilty as charged, and assessed a fine against him.

The machine, contrivance, appliance or invention involved in this case, the ownership of which is admittedly in defendant, has been exhibited to this court and bears the name of "Western Baseball DeLuxe Machine." It is electrically operated and the playing of same consists in striking small propelled balls with a paddle or bat which is controlled by the player by a lever on the outside of the machine. The evidence shows this machine is so built that it can be adjusted—in its present condition, so that it could have a pay-off device. In accordance with the testimony of the defendant "the machine is further so constructed that the grade of the baseball field can be changed by raising or lowering the feet or corners on which it sits and a person with a key to get to the mechanism can vary (increase or retard) the speed with which the ball is pitched or propelled."

■ The first assignment of error is: "The court erred in overruling the demur-

rers to the complaint." The action of the court in overruling demurrers to the complaint is so clearly free of error no discussion of the question need be had. It would be difficult to conceive how a complaint charging the offense here involved could be better formulated. It certainly states the facts constituting the offense in clear and concise language, without prolixity or repetition and in such manner as to enable any person of common understanding to know what is intended, and with that degree of certainty to apprise the accused of the nature and cause of the accusation against him and to which he is called upon to answer.

The several remaining assignments of error are of the same import, and are to the effect that the trial court erred in holding and finding that the machine introduced in evidence in this case is illegal and a gambling device.

These insistences present the sole and controlling question involved upon this appeal.

The General Acts of Alabama of 1931, Regular Session, P. 806, in defining the outlawed class, by subdivision (d), Section 1, provides: "Any machine, mechanical device, contrivance, appliance or invention, whatever its name or character, which is operated *or can be operated as a game of chance.*"

The Statute involved and controlling has been construed in several instances by the Supreme Court of this State: Howle v. City of Birmingham, 229 Ala. 666, 159 So. 206; One Penny Marble Machine v. State, 233 Ala. 678, 173 So. 91. See also Blackwell v. State, 26 Ala.App. 398, 162 So. 312. As a result of the foregoing authorities, and of others not necessary to cite, we are not required, nor will we indulge further discussion pertaining to the construction of the act in question.

In the case at bar, on the trial below and here, the device or machine in question has been shown to and examined by the courts. We are of the opinion, after an examination of said machine or device, owing to its construction and mode of operation, said device or machine, beyond question, "can be operated as a game of chance."

■ The evidence in this case, as shown by the bill of exceptions, tends to show that the device is a gambling machine. The witness, Robinson, who testified for the prosecution, testified without objection: "This

device can be used as a gambling device, a person can gamble on it." And further said witness testified on cross-examination: "I do not know any way to gamble on a machine, further than to say it is a gambling machine and that you can gamble on it, and that it is a game of chance."

From what has been said, we perforce must and do hold that the trial judge committed no error in rendering the judgment of conviction from which this appeal was taken. Said judgment will stand affirmed.

Affirmed.