46 So.2d 5
### ROBERTS v. STATE ex rel. COOPER, Solicitor.
#### 1 Div. 402.

Supreme Court of Alabama.
April 27, 1950.

Chason & Stone, of Bay Minette, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for appellee.

BROWN, Justice.

This appeal is from the interlocutory decretal order of the circuit court overruling the respondent's demurrer to the "amended bill of complaint" filed by the State of Alabama on the relation of Kenneth Cooper, as Solicitor of the 28th Judicial Circuit of Alabama, against E. J. Roberts, alleged to be a resident of Baldwin County, under Chapter 46, Art. IV, Code of 1940, Title 14, embracing §§ 283 to 292, seeking to condemn fifty-three alleged gambling devices seized while in the possession of E. J. Roberts and alleged to be his property.

The amended bill alleges that "on towit, August 7, 1949, Highway Patrol Capt. O. T. McDuff, Lt. Joe Smelley, Sgt. W. F. Dyer and Patrolman A. L. McGilberry, of the Alabama State Highway Patrol, acting under written authority from the Governor of the State of Alabama, as prescribed under the provisions of Section 71, Title 36, Code of Alabama, 1940, did find and seize in Baldwin County, Alabama, the gambling devices hereinafter described, and have reported such seizure and detention to your complainant.

"That said report of seizure and detention of said personal property shows that said Patrolmen have seized the following described gambling devices, towit: (a description of each of said devices such as 'one 5¢ Mills Slot Machine, Ser. # 567070, manufactured by or for Bell-O-Matic Corp., of Chicago, Ill.') * * *

"Your complainant charges and avers that the above described machines are gambling devices within the meaning of Code of Alabama, 1940, Title 14, Section 283."

By demurrer filed to the bill as amended the defendant challenged the sufficiency of the allegations of the bill on numerous grounds and his first contention is that the allegations of the bill do not show "that the men named as seizing said property were members of the Highway Patrol at the time of such seizure and were acting as Peace Officers of the State."

It is provided by statute, "* * * Members of the state highway patrol when so authorized in writing by the governor shall have the power of peace officers in this state and may exercise such powers anywhere within the state." Code of 1940, Tit. 36, § 71, as amended, Cum.Sup. 1947, p. 93.

In Chapter 11, Title 55, Code of 1940, dealing with "Peace and Law Enforcement Officers", Section 375 provides, *inter alia:* "All police officers and patrolmen when called upon by the governor or directed by the city authorities, shall obey the orders and directions of the governor and of the city authorities and shall proceed to the place where their services are needed and required. Such police officers and patrol-

568

men and any other persons the governor may employ and authorize to act as peace officers in the particular emergency shall be deemed and treated as legal officers of the state and county where acting, shall be entitled to all the protections and privileges of legal officers, and shall possess all the authority to make arrests and to do other things in the preservation of the peace and enforcing the laws as sheriffs may do under the existing laws of the state."

The sheriff by Title 15, § 398, Code of 1940, is declared to be, "the principal conservator of the peace in his county." Title 14, Code of 1940, § 286 provides, that "It shall be the duty of the sheriff of any county in which any gambling device may be found to seize the same, remove it from the place where it is found, and keep until disposed of as hereinafter provided in this article. Within five days after the seizure and removal of any gambling device, the sheriff making the same shall report the seizure and detention to the circuit or other solicitor, or deputy solicitor, or any prosecuting officer within the county where the gambling device was found or seized, giving a full description thereof, the number of the device, if any, the place and firm of manufacture, the person in whose possession it was found, the person making claim to the same, or any interest therein, if the name can be ascertained or is known, and the date of the seizure."

■ Construing said several sections of the code as in *pari materia,* we are of opinion that the members of the highway patrol named, while acting under the written authority given by the governor, were clothed with authority as peace and law enforcement officers to seize said gambling devices and report their seizure to the solicitor of the county wherein they were seized and on such report he was authorized to file suit seeking their condemnation and destruction. Code of 1940, Title 14, Sec. 287. It was not essential to the court's jurisdiction that the bill allege that said gambling devices were dealt with and preserved as provided by Sections 286 and 288, Title 14, Code of 1940. In the absence of allegation and proof, it will be presumed

that said seized devices and their contents were dealt with as provided by the statute. Whether the proceedings be treated as in rem or quasi in rem, the seizure was lawful and the things seized are such as that they cannot be put to any legitimate use. The law will not recognize such things as property and they may be destroyed. 27 C.J. p. 1045, § 259, 38 C.J.S., Gaming, § 79; 1 C.J. p. 929, §§ 1–6, 1 C.J.S., Actions, § 1; Jackson v. State, 251 Ala. 226, 36 So.2d 306. We note that the alleged owner of the property in whose possession the devices were found and seized is a party to the proceeding.

■ It is sometimes permissible and necessary for a pleader to draw conclusions where facts are alleged that tend to support the conclusion. Birmingham Ry. Light & Power Co. v. Gonzales, 183 Ala. 273, 61 So. 80, Ann.Cas. 1916A, 543. It is only "mere conclusions" or "bald conclusions", without supporting facts which are objectionable in pleading. The facts alleged in the bill tender an issue which may be met by denial and proved or disproved by evidence. This meets the rule of good pleading in equity. Perry v. New Orleans, M. & C. R. Co., 55 Ala. 413, 28 Am.Rep. 740; 3 Mayfield's Digest, Vol. 2, p. 283. If the allegations of the bill that the devices seized are "gambling devices" are treated as conclusions, the other allegations of fact aided by judicial knowledge clearly justify the conclusion. State ex rel. Green, Deputy Solicitor etc. v. One 5¢ Fifth Inning Base-Ball Machine, 241 Ala. 455, 3 So.2d 27; State ex rel. Glenn v. Wilkinson, 220 Ala. 172, 124 So. 211. However, it is our opinion that the allegation that the alleged devices are "gambling devices" is one of fact.

We find no error in the ruling of the court on the demurrer to the bill and the decree appealed from will be affirmed. The defendant is allowed 30 days to plead as he may be advised.

Affirmed.

All the Justices concur except GARDNER, C. J., not sitting.