46 So.2d 413

### WHITE et al. v. STATE.

### 6 Div. 23.

Supreme Court of Alabama.

May 18, 1950.

646

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer of Roosevelt White and Jim Thomson (appellants) to the bill of complaint filed by the State of Alabama by J. Monroe Ward, Circuit Solicitor for the Circuit Court of Tuscaloosa County, Alabama. The bill was filed against Roosevelt White and Jim Thomson, alleged residents of Tuscaloosa County, Alabama, under Chapter 46, Article IV, Code of 1940, Title 14, embracing §§ 283 to 292, inclusive, and seeks to condemn an alleged gambling device seized while in the possession of Roosevelt White, it being alleged that the property is either owned by Jim Thomson or that he claims an interest therein.

The bill of complaint follows the language of §§ 283(d) and 284, Title 14, Code of 1940. It describes the device in question as "certain personal property, to-wit, one pin ball machine, serial no. 20384, which said machine, known as a pin ball machine, is a machine, mechanical device, contrivance, appliance, or invention which is operated or can be operated as a game of chance," and alleges that the device was in the "possession of, kept, owned, set up, op-

erated, or was permitted to be set up, operated, or conducted by the respondent Roosevelt White and in violation of the laws of the State of Alabama pertaining to gambling devices."

 In the recent case of Roberts et al. v. State of Alabama ex rel. Cooper, Solicitor of Baldwin County, Ala.Sup., 1950, 46 So.2d 5, dealing with a question similar to the one at bar, it was stated: "It is sometimes permissible and necessary for a pleader to draw conclusions where facts are alleged that tend to support the conclusion.—Birmingham Ry., Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann.Cas. 1916A, 543. It is only 'mere conclusions' or 'bald conclusions', without supporting facts which are objectionable in pleading. The facts alleged in the bill tender an issue which may be met by denial and proved or disproved by evidence. This meets the rule of good pleading in equity.—Perry v. New Orleans, M. & C. R. Co., 55 Ala. 413, 28 Am.Rep. 740; 3 Mayfield's Digest, Vol. 2, p. 283. If the allegations of the bill that the devices seized are 'gambling devices' are treated as conclusions, the other allegations of fact aided by judicial knowledge clearly justify the conclusion.—State ex rel. Green, Deputy Solicitor, etc. v. One 5¢ Fifth Inning Base Ball Machine, 241 Ala. 455, 3 So. 2d 27; State ex rel. Glenn v. Wilkinson, 220 Ala. 172, 124 So. 211. However, it is our opinion that the allegation that the alleged devices are 'gambling devices' is one of fact."

We consider that the bill of complaint states a cause of action under the applicable statutes and that the court correctly overruled the demurrer. Roberts et al. v. State of Alabama ex rel. Cooper, Solicitor of Baldwin County, supra; Kropp v. City of Tuscaloosa, 29 Ala.App. 419, 197 So. 91; State ex rel Green v. One 5¢ Fifth Inning Base Ball Machine, 241 Ala. 455, 3 So.2d 27; Hurvich v. State, 230 Ala. 578, 162 So. 362.

Affirmed.

FOSTER, LAWSON and SIMPSON, JJ., concur.