' 123 So.2d 598

**Mattie M. BELL**

v.

**NATIONAL LIFE AND ACCIDENT IN-SURANCE COMPANY.**

4 Div. 423.

Court of Appeals of Alabama.

Oct. 4, 1960.

Lee & McInish, Dothan, for appellant.

Merrill & Harrison, Dothan, for appellee.

PRICE, Judge.

This is an appeal by the plaintiff from a judgment of nonsuit taken by her with leave to review the rulings of the trial court on the pleadings. Sec. 819, Title 7, Code 1940.

The complaint claimed $1,000 under a policy of insurance issued by the defendant on the life of one Johnnie M. Brooks, with plaintiff named as beneficiary.

Defendant's pleas 2 and 3 aver that the plaintiff was the niece of the insured; that plaintiff lived in Dothan, Alabama; that insured did not live with plaintiff, but that he had lived in New York City for twenty-three years prior to his death; that plaintiff procured the issuance of the policy sued on upon the life of Johnnie M. Brooks and named herself as the beneficiary therein; that plaintiff had paid the premiums on said policy and that the amount of all the premiums paid on the policy, with interest thereon, was tendered and paid into court for the plaintiff. The concluding averment in plea 2 is:

"Wherefore defendant avers that since plaintiff had no insurable interest in the life of said insured, Johnnie M. Brooks, deceased, as hereinabove set forth, and defendant having tendered into this Honorable Court for the plaintiff, said premiums on said policy, together with interest thereon, as hereinabove set forth, this defendant is not liable in this cause, except for said premiums."

Plea 3 after the facts relied on were alleged, concluded: "Wherefore, defendant avers that plaintiff had no insurable interest in the life of Johnnie M. Brooks, deceased, etc."

The plaintiff demurred to these pleas, and, demurrer being overruled, filed replications to said pleas, setting up that she had an insurable interest in the life of her uncle because plaintiff, upon his death, would be responsible for his funeral and burial expenses; that prior to the purchase, issuance and delivery of the policy sued on, plaintiff's aunt, Lillie Mae Brooks, died without funds for her burial and plaintiff and plaintiff's mother were forced to expend the necessary sums for the funeral and burial of said aunt; that it came to plaintiff's attention that Lillie Mae Brooks had an insurance policy with defendant and she contacted defendant's

agent, who advised her that Lillie Mae Brooks had dropped or terminated the policy; that she informed defendant's agent that she and her mother had been forced to pay the expense of the funeral and burial of Lillie Mae Brooks; that thereupon defendant's agent advised her that the purpose of insurance was to take care of such situations. The replications aver that the policy sued on was procured at the instance of defendant's agent, acting within the line and scope of his authority, and with full knowledge of all the facts and that defendant is now estopped to assert a want of insurable interest as a defense.

The defendant demurred to these replications. The court sustained the demurrer and the plaintiff took a nonsuit. Plaintiff assigns as error the overruling of her demurrer to the pleas and the sustaining of the demurrer to the replications.

■ On appeal we treat only those grounds of demurrer to the pleas argued in brief, and those not insisted upon are considered as waived. Liberty National Life Ins. Co. v. Weldon, 267 Ala. 171, 100 So.2d 696, 61 A.L.R.2d 1346.

Appellant in brief does not point out any ground of the demurrer insisted upon by number, but does argue that the allegation in plea 2 that "Wherefore, defendant avers that since plaintiff had no insurable interest in the life of said insured, etc.," is but a conclusion of the pleader.

■ This contention is without merit. "It is sometimes permissible and necessary for a pleader to draw conclusions where facts are alleged that tend to support the conclusion. Birmingham Ry., Light & Power Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann.Cas.1916A, 543. It is only 'mere conclusions' or 'bald conclusions,' without supporting facts which are objectionable in pleading." Roberts v. State ex rel. Cooper, 253 Ala. 565, 46 So.2d 5, 7; See also White v. State, 253 Ala. 645, 46 So.2d 413; Preston v. LaSalle Apartments, 241 Ala. 540, 3 So.2d 411; Poole v.

William Penn Fire Ins. Co., 264 Ala. 62, 84 So.2d 333; Sauls v. Leath, 213 Ala. 664, 106 So. 133. The pleas were not subject to the ground of demurrer insisted upon in brief.

■ It is settled in this state that the mere relationship of uncle or aunt and nephew or niece does not constitute an insurable interest. Liberty National Life Ins. Co. v. Weldon, 267 Ala. 171, 100 So.2d 696, 61 A.L.R.2d 1346; Commonwealth Life Ins. Co. v. George, 248 Ala. 649, 28 So.2d 910, 170 A.L.R. 1032; National Life & Accident Ins. Co. of Nashville, Tenn. v. Alexander, 226 Ala. 325, 147 So. 173; National Life & Accident Ins. Co. v. Middlebrooks, 27 Ala.App. 247, 170 So. 84. Appellant recognizes this principle and in brief says:

"Appellant does not base her claim of insurable interest upon the relation with the insured who now is deceased. She does base her claim upon the single fact that if this uncle, the insured, died she would have the responsibility of paying his funeral and burial expenses."

In Commonwealth Life Ins. Co. v. George, supra, the court, discussing insurable interest, said [248 Ala. 649, 28 So.2d 912]:

"It is, of course, well established that one cannot take out a valid and enforcible policy of insurance for his own benefit on the life of a person in which he has no insurable interest. Such a policy or contract of insurance is void and unenforcible on ground of public policy, it being merely a wagering contract. The decisions are also to the effect that such a policy is void at its inception and is not rendered valid by a clause declaring it incontestable after a specified period of time. The reasoning found in the cases is based upon the presumption that a temptation would be held out to the one taking out the policy to hasten by improper means the time when he

should receive the amount of insurance named in the policy. Good faith alone will not suffice to sustain a policy taken out on the life of another by one who has no interest in the continuance of such life. If good faith alone would sustain the contract then the law which condemns such transaction upon the ground of public policy would, as observed by the Virginia court in Crismond's Adm'x v. Jones, 117 Va. 34, 83 S.E. 1045, Ann.Cas. 1917C, 155, avail but little. 37 C.J. pages 385, 386. And, by the decided weight of authority, the relationship between uncle or aunt and nephew or niece is not in itself sufficient to support a policy taken by one on the life of the other. 37 C.J. page 394. That such was the well settled rule of law was recognized by this court in National Life & Accident Ins. Co. v. Alexander, supra.

"In Volume 1 of Cooley's Briefs on Insurance, Second Edition, page 385, under the text statement that 'The relationship of uncle or aunt and nephew or niece will not support an insurable interest,' are cited a large number of decisions from various jurisdictions. And, indeed, our search thus far has disclosed no authority holding to a contrary view.

"The observation of the court in Warnock v. Davis, 104 U.S. 775, 26 L.Ed. 924, in regard to what is an insurable interest has been often cited by text books and by decisions generally. There it was recognized that it was not easy to define with precision what in all cases would constitute an insurable interest so as to take the contract out of the class of wager policies. In a helpful note to the case of Young v. Hipple, 25 A.L.R. 1541, the author has succinctly stated the rule as observed in the Warnock case, which is here worthy of repetition. 'As there is much conflict among the authorities on the general question as to what constitutes an insurable interest, it may be helpful at the outset to bear in mind the statement of the Federal Supreme Court on this question, to the effect that it is not necessary that the expectation of advantage or benefit should be always capable of pecuniary estimation, for a parent has an insurable interest in the life of his child, and a child in the life of his parent, as does also a husband in the life of his wife, and a wife in the life of her husband; that the natural affection in cases of this kind is considered as more powerful, as operating more efficaciously, to protect the life of the insured than any other consideration; but that in all cases there must be a reasonable ground, founded upon the relations of the parties to each other, either pecuniary or of blood or affinity, to expect some benefit or advantage from the continuance of the life of the insured, or otherwise the contract is a mere wager by which the party taking the policy is directly interested in the early death of the insured."

As we have noted above, the sole fact by which appellant seeks to establish an insurable interest is that if insured died she would have the responsibility of paying his funeral and burial expenses. No facts are averred tending to show a legal duty to pay such expenses, (as there was in Jenkins v. Hill, 35 Cal.App.2d 521, 96 P.2d 168); and we think the facts alleged fail to show any moral obligation on plaintiff's part to pay her uncle's funeral expenses. Moreover, after the issuance of the policy, the benefit or advantage is not in the continuance of the life, but is a direct interest in the early death of the insured, since the benefits decrease in direct proportion to the total amount of premiums paid as long as the insured lives.

For the reason that no insurable interest appears, the policy is a wagering contract and is void as against public policy.

■ In the replications facts are averred as an estoppel against defendant from asserting a lack of insurable interest as a defense, and appellant now insists that these allegations were a sufficient answer to defendant's pleas. In Helmetag's Adm'r v. Miller, 76 Ala. 183, the court said:

"No principle of the law of life-insurance is at this day better settled, than the doctrine, that a policy taken out by one person upon the life of another, in which he has no insurable interest, is illegal and void, as repugnant to public policy. * * * The reason of the law which vitiates wager policies, is the pecuniary interest which the holder has in procuring the death of the subject of insurance, thus opening a wide door by which a constant temptation is created to commit for profit the most atrocious of crimes."

In Alabama Gold Life Ins. Co. v. Mobile Mutual Ins. Co., 81 Ala. 329, 1 So. 561, 564, the court stated:

"Whenever it appears that the contract sued on violates the law and public policy, * * * the court is compelled by the highest considerations to refuse to enforce it, and the objection cannot be obviated or waived by any rule of pleading."

Our courts have consistently held that a contract of life insurance issued to one who has no insurable interest in the life of the insured is void ab initio, because its issuance is against public policy. We are of the opinion the doctrine of estoppel will not apply to make enforceable that which is illegal and void in its inception.

■ Appellant, however, insists that the doctrine of estoppel does apply to such a situation and cites American Equitable Assur. Co. v. Powderly Coal & Lumber Co., 221 Ala. 280, 128 So. 225, and American Ins. Co. v. Newberry, 215 Ala. 587, 112 So. 195. The language of these cases directly supports appellant's contention. However, the principle that lack of insurable interest may be waived or the insurer estopped to assert it as a defense, is no longer the law in this state. In American Equitable Assur. Co. v. Powderly Coal & Lumber Co., supra, the cause was remanded for a new trial. After the second trial another appeal was taken. On the second appeal (225 Ala. 208, 142 So. 37, 39,) the court said:

"Upon former consideration of this cause (American Eq. Assr. Co. v. Powderly Coal & Lbr. Co., 221 Ala. 280, 128 So. 225), the judgment was reversed upon the sole ground of a fatal variance in the pleadings and proof. But, in view of another trial, the court considered it proper to make some general observations, confessedly by way of dicta, concerning some of the important features of the case.

* * * * * *

"But, in an effort to make suggestions that might be of service upon a retrial of the cause, the author of the opinion on former appeal (who is also the writer here) fell into an error in some general observations as to the insurable interest of Mrs. Bailey, the widow of deceased, and thereby somewhat misled the learned trial judge as well as counsel for the parties. * * * But the writer finds comfort (aside from the truism that 'to err is human') from the fact that he rested largely upon the dictum in the opinion of Newberry's Case, 215 Ala. 587, 112 So. 195, relating to the matter of estoppel wherein was cited Light v. Countrymen's Mutual Fire Ins. Co., 169 Pa. 310, 32 A. 439, 47 Am.St.Rep. 904, and construed such dictum to mean that the estoppel could be rested merely upon some sort of an interest short of an insurable interest, sufficient to relieve the contract from a merely gambling element.

"But in supplemental brief astute counsel differentiate the Light case, supra, upon the theory that there the policy was valid when issued, and at that time there existed an insurable interest. The point of differentiation is well taken.

"The further argument that, unless there is an insurable interest, the contract is void on account of public policy, and that vitality cannot be injected into an illegal transaction by way of estoppel (Ellis v. Batson, 177 Ala. 313, 58 So. 193; Birmingham Water Works v. Brown, 191 Ala. 457, 67 So. 613, L.R.A.1915D, 1086), is also well grounded. The assumption, therefore, in the former opinion that an estoppel need not have for its foundation an insurable interest was incorrect."

Although, in some jurisdictions the doctrine of estoppel has been applied to preclude the defense of lack of insurable interest, (see Annotation to the case 175 A.L.R. 1276) the opinion on the second appeal of the American Equitable Assur. case, supra, negatives such a view in this jurisdiction. Also see Fidelity Phenix Fire Ins. Co. of New York v. Raper, 242 Ala. 440, 6 So.2d 513.

The demurrer interposed to the replication was properly sustained.

The judgment is affirmed.

Affirmed.