(112 So. 195)

### AMERICAN INS. CO. v. NEWBERRY et al.
### (4 Div. 269.)

(Supreme Court of Alabama.   March 24, 1927.)

1. **Parties** ⚖️7(2)—Trustee may maintain action in own name on contract payable to him as trustee for others, notwithstanding statute (Code 1923, § 5699).

One to whom a contract is made payable as trustee for others may maintain an action thereon in his own name, notwithstanding Code 1923, § 5699, providing that actions on contracts for the payment of money must be prosecuted in name of party really interested.

2. **Evidence** ⚖️44—Judicial notice will be taken of general nature of trusteeship of school district trustees (School Code 1924, § 107).

Judicial notice will be taken of general nature of trusteeship of school district trustees under School Code 1924, § 107, prescribing duties of such trustees to maintain property and look after general interests of schools.

3. **Schools and school districts** ⚖️117—School district trustees could maintain action in their own names against insurer on fire policy.

School district trustees *held* entitled to prosecute in their own names as such trustees action against insurer on fire policy, though money collected would be held for benefit of others.

4. **Insurance** ⚖️115(2)—School district trustees have insurable interest in school property.

School district trustees as such have an insurable interest in school property in their care and custody, though the advantage of preservation of the property inures to them as representatives of rights of others.

5. **Insurance** ⚖️117—Insurance company, having recognized insurable interest of school district trustees in school property, could not question its sufficiency.

Insurance company, having recognized insurable interest of school district trustees in school property by issuing policy and accepting premium, could not, after loss, question sufficiency of that interest to support the policy.

6. **Schools and school districts** ⚖️79—Statute requiring insurance of school buildings held inapplicable to suit by school trustees against insurer (School Code 1924, § 108).

School Code 1924, § 108, requiring insurance of school buildings, *held* inapplicable in suit by school district trustees on policy in their name, as statute does not require county board to take out insurance in its own name or prohibit trustees from doing so.

7. **Insurance** ⚖️336(2)—Insurer's liability to school district trustees held not affected by county board's procurement of other insurance without trustees' knowledge.

Liability of insurer to school district trustees was not affected by county board's later procurement of policy to itself on same building, of which trustees had no knowledge, notwithstanding provision of policy that procurement of other insurance by the insured should void policy.

8. **Insurance** ⚖️146(3)—Provision for forfeiture upon insured procuring other insurance should be strictly construed against insurer.

Provision for forfeiture of insurance policy, if insured procure other insurance, should be strictly construed against insurer.

**9. Insurance ⚙═336(2)—Knowledge of county board of education and county superintendent that other insurance was taken out held not imputable to school district trustees who had policy.**

Knowledge of county board and superintendent concerning additional insurance *held* not imputable to school district trustees, who had policy containing forfeiture provision for procuring other insurance; the doctrine of imputed knowledge not being applicable to administrative departments of government.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Action on policy of fire insurance by J. J. Newberry and E. R. Vaughan, as Trustees of School District No. 24, Chancellor, Ala., against the American Insurance Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Mulkey & Mulkey, of Geneva, for appellant.

Plaintiffs had no insurable interest in the property and no authority to maintain the suit. Acts 1919, p. 588, §§ 27, 28; Id., p. 570, § 3; Code 1923, § 5699; Yerby v. Sexton, 48 Ala. 311. A violation of the provision against overinsurance avoided the policy. Home Ins. Co. v. Morrow, 145 Ala. 284, 39 So. 587.

Carmichael & Tiller and E. C. Boswell, all of Geneva, for appellees.

Plaintiffs had an insurable interest in the property, and were entitled to maintain the suit. School Code 1924, §§ 107, 108, 149; Words and Phrases, "Insurable Interest"; 26 C. J. 35, § 19k; 1 May on Ins. (4th Ed.) 153. Defendant insured the property with full knowledge of the facts, and is estopped to deny the interest of the plaintiffs. 26 C. J. 36, § 22; A. S. Knowles D. G. Co. v. Gunter, 204 Ala. 411, 85 So. 735; Harris v. Amer. B. & L. Ass'n, 122 Ala. 545, 25 So. 200; Tobias v. Josiah Morris & Co., 126 Ala. 535, 28 So. 517. Insurance contracts are construed liberally in favor of the insured. Georgia Home Ins. Co. v. Allen, 119 Ala. 436, 24 So. 399. The provision as to other insurance applies only to such as is procured by the assured or with his consent. 2 May on Ins. (4th Ed.) 365, 803; London, etc., v. Turnbull, 86 Ky. 230, 5 S. W. 542; Carpenter v. Continental Ins. Co., 61 Mich. 635, 28 N. W. 749; Phœnix Ins. Co. v. Boulden, 96 Ala. 614, 11 So. 774; Cowart v. Cap. City Ins. Co., 114 Ala. 356, 22 So. 574.

SOMERVILLE, J. [1] Notwithstanding the statute (Code, § 5699) which provides that "actions on * * * contracts, express or implied, for the payment of money, must be prosecuted in the name of the party really interested," whether he has the legal title or not," one to whom a contract is made payable as trustee for others may maintain an action in his own name. Rice v. Rice, 106 Ala. 636, 17 So. 628; Ala., etc., Ry. Co. v. Kyle, 202 Ala. 552, 81 So. 54 (headnote 10).

[2] The policy here sued on insured "trustees school district No. 24, Chancellor, Ala., route No. 1." The action is brought in the name of "J. J. Newberry and E. R. Vaughan, suing as trustees of school district No. 24, Chancellor, Ala., route No. 1." The general nature of the trusteeship thus indicated is a matter of judicial knowledge, and the law itself lays upon these trustees the duty—

"to care for the property, to look after the general interests of the school, and to make to the county board of education from time to time reports of the progress and needs of the school, and of the will of the people in regard to the needs of the school." School Code 1924, § 107.

[3] Under the principle above stated, these trustees were authorized to prosecute this action in their own name, as such trustees, although the money, when collected, would be held in trust for the benefit of others.

[4] The principle is well settled, also, that agents and trustees, who have the care and custody of property or the duty of keeping it safely, have an insurable interest therein. 26 Corp. Jur. 25, § 5, and cases cited in note 65; note to Strong v. Manufacturers' Ins. Co., 20 Am. Dec. 515; Ins. Co. v. Chase, 5 Wall. 509, 513, 18 L. Ed. 524. As said in the leading case of Waring v. Indemnity, etc., Co., 45 N. Y. 606, 6 Am. Rep. 146:

"Agents, commission merchants, or others, having the custody of, and being responsible for, property, may insure in their own names; and they may, in their own names, recover of the insurer not only a sum equal to their own interest in the property by reason of any lien for advances or charges, but the full amount named in the policy up to the value of the property."

And, where the insurance is for the benefit of other persons whom the agent or trustee represents, the proceeds of the policy, when collected, are held in trust for them. This insurable interest of an agent or trustee is recognized even when he is under no legal obligation to insure. Ins. Co. v. Chase, 5 Wall. 509, 513, 18 L. Ed. 524.

This court has several times approved the statement (May on Insurance, § 80) that—

"Whoever * * * may fairly be said to have a reasonable expectation of deriving pecuniary advantage from the preservation of the subject-matter of insurance, whether that advantage inures to him personally or as the representative of the rights or interests of another, has an insurable interest." Continental Fire Ins. Co. v. Brooks, 131 Ala. 614, 618, 30 So. 876, 877; Commercial Fire Ins. Co. v. Capital City Ins. Co., 81 Ala. 320, 8 So. 222, 60 Am. Rep. 162.

Unquestionably, these plaintiffs, as trustees representing the state, the county or the citizens of their school district, had an insurable interest in this school property.

---

⚙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

[5] But, even were it otherwise, it is thoroughly well settled that—

"Where the company has, with knowledge of the nature of the interest of the insured, recognized such interest as sufficient to support a policy, it cannot question the sufficiency of such interest." 26 Corp. Jur. 36, § 22.

Conceding that this rule requires that the assured shall occupy such a relation to the property as would give him *some sort* of interest in its preservation, it cannot be denied that school trustees have a special as well as a general interest in their school property, such as would relieve their contract of insurance from the *merely gambling element* which is offensive to public policy. Quoting the language of the Supreme Court of Pennsylvania:

"This company demanded and received from this plaintiff, as the lawful holder of this policy, all the benefits and advantages which it was entitled to receive under it as a valid subsisting policy, up until the moment of the fire, and it would be a perversion of justice to permit it now to deny its liability and to allow it to escape the payment of its just dues under the contract. That is precisely what estoppel means." Light v. Countrymen's Mut. Fire Ins. Co., 169 Pa. 310, 316, 32 A. 439, 440, 47 Am. St. Rep. 904, 907.

[6] Section 108 of the School Code, declaring that "the county board of education is charged with the duty of seeing that every school building whose title is vested in the state, county or school district, is insured for its insurable value," does not require the county board to itself take out insurance in its own name, and by no means prohibits the school trustees from doing so. That provision has no bearing whatever on the issues of this case.

[7] This policy was issued in October, 1922, and insured the property from October 19, 1922, for three years. The loss occurred on February 12, 1924. In the meantime, on October, 1, 1923, the state board of administration, duly authorized thereto, insured the "Geneva county board of education" for the same school building covered by the policy in suit, for the term of one year for $1,425, and delivered the policy to the county superintendent of education. Neither of these plaintiffs had any connection with the procurement of this policy, nor any knowledge even of its existence until after the loss; and thereupon the policy was canceled by the state board of administration, and the premium returned, prior to the institution of this suit. The policy sued on declares:

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if *the insured* now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." (Italics supplied.)

It is insisted for defendant that, under this provision, the issuance of the state board of administration's policy on October 1, 1923, invalidated and voided the policy issued by this defendant.

[8] So high an authority as May on Insurance (4th Ed.) vol. 2, p. 365, says that, in order to constitute "other" or "double" insurance, within the inhibition of such clauses, the insurance must be "effected by the same insured or for his benefit, and with his knowledge or consent." It is elementary that insurance policies are construed more strongly against the insurer, and that rule of construction applies with peculiar force to such provisions as this. According to the very words of the policy, forfeiture was to result if *the insured* made or procured the contract for additional insurance. It is no hardship on the insurance company to hold the intended forfeiture strictly within the bounds prescribed by itself, viz. to the acts or the cognizance of *the person assured*, and to deny the effect of forfeiture when that condition is not met.

[9] The county board of education is distinct in every way from the several bodies of district school trustees; and, notwithstanding, the general interrelation of all governmental bodies, the doctrine that imputes to a principal the knowledge of his agent, because of their legal identity, can have no application to the various administrative departments of government, and the knowledge of facts possessed by one distinct body will not be imputed to any other. Hence the knowledge of the county board of education, or of the county superintendent, that other insurance had been taken out, was not, in fact or in law, the knowledge of the school trustees who took out the first policy.

Our holding is that the policy in suit was not voided or affected in any way by the issuance of the other policy.

We have discussed all those features of the case that are material to the result, and we conclude that the judgment for plaintiffs was free from error and should be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.