(128 So. 225)

AMERICAN EQUITABLE ASSUR. CO. OF NEW YORK v. POWDERLY COAL & LUMBER CO.

6 Div. 382.

Supreme Court of Alabama.

March 27, 1930.

Rehearing Denied May 22, 1930.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

O. S. Finch and Jim Gibson, both of Birmingham, for appellee.

282

**GARDNER, J.**

The suit was on a fire insurance policy. From a judgment for the plaintiff, defendant appeals.

The complaint is substantially in Code form, and is sufficient. Commercial Fire Ins. Co. v. Capital City Ins. Co., 81 Ala. 320, 8 So. 222, 60 Am. Rep. 162.

We so construe its averments as disclosing the insurance policy issued direct to plaintiff as the assured. In proof of the complaint, plaintiff offered a policy issued to Mrs. Nattie Bailey which contained a New York standard loss payable clause to plaintiff as its interest may appear. We think the defendant's objection to the introduction of this policy upon the ground of a variance between the allegation and such proof should have been sustained. It was not the policy declared upon in the complaint. Though not here in point, the recent case of Tarrant Land Co. v. Palmetto Fire Insurance Company (Ala. Sup.) 125 So. 807,[1] considering such standard loss payable clause, is of interest in this connection. This clause expressly provides that as far as the interest of the payee therein is concerned the policy shall not be invalidated by any act or neglect of the owner nor by any change in the title or ownership and other matters not necessary here to note. There were numerous pleas interposed by defendant which were appropriate under the complaint as framed and as to which the court erred in sustaining demurrer thereto, though many of them would be inappropriate under the facts as here disclosed. While the erroneous ruling as to the introduction of the policy suffices for a reversal of the cause, yet in view of another trial we feel that more should be said, at least in the way of a statement of a general view of the case.

Plaintiff's evidence tended to show that one Swinney had a contract for remodeling a dwelling house in Bessemer, formerly owned by J. A. Bailey, now deceased. Bailey died in Florida, but at the time of his death was living with his wife and children, some of whom were minors, at Shannon. This house and lot in Bessemer, its value at the time not appearing, constituted his estate, but was not his homestead. The widow was duly appointed and qualified as administratrix of the estate, but nothing further was done in the way of administration. No dower had been assigned and no effort at selection of a homestead. Swinney's contract for remodeling

the house for a lump sum was verbal and with the widow. He was unable to finance, and at his request plaintiff furnished material and also advanced some funds to pay laborers on this job. As the work progressed plaintiff desired protection from destruction of the premises by fire and applied to one Hendrix, agent of defendant company and who is shown to have had sufficient authority to qualify him as general agent of the company under the decisions of this court. Yorkshire Ins. Co. v. Gazis, 219 Ala. 96, 121 So. 84. We may here add, by way of parenthesis, that as to the person Crittenden, his authority is limited and not within the influence of the above-noted authority. Prine v. Am. Cent. Ins. Co., 171 Ala. 343, 2nd headnote, 54 So. 547.

Appellant insists that under the proof plaintiff had no insurable interest, and therefore the policy is void. Pope v. Glenn Falls Ins. Co., 136 Ala. 670, 34 So. 29, 30; Commercial Fire Ins. Co. v. Capital City Ins. Co., supra. Plaintiff's right as to the property bears relation to those of Swinney, the contractor. Le Grand v. Hubbard, 216 Ala. 164, 112 So. 826. "Whoever * * * may fairly be said to have a reasonable expectation of deriving pecuniary advantage from the preservation of the subject-matter of insurance, whether that advantage inures to 'him personally or as the representative of the rights or interests of another, has an insurable interest." American Ins. Co. v. Newberry, 215 Ala. 587, 112 So. 195, 196. It is further recognized in this state that a simple contract creditor without a lien of any character, "without a jus in re or a jus in rem, owning a mere personal claim against his debtor, has not an insurable interest in the property of his debtor." Creed v. Sun Fire Office, 101 Ala. 522, 14 So. 323, 326, 23 L. R. A. 177, 46 Am. St. Rep. 134. This court has also held that "a person can have no insurable interest where his only right arises under a contract which is void or unenforceable either at law or in equity." Pope v. Glenn Falls Ins. Co., supra.

The argument therefore is that under the contract with the widow no lien could be fastened upon any interest in the property. Any dower right of the widow was in the nature of a right of action. It was not an interest or estate in realty and was unassignable, except by way of extinguishing release to the terre-tenant. Francis v. Sandlin, 150 Ala. 583, 43 So. 829.

So far as the widow's inchoate right of dower is concerned, it must be conceded the enforcement of plaintiff's claim could not rest upon such interest, and such would seem to be the result also as to any right to homestead selection (Lester v. Stroud, 212 Ala. 635, 103 So. 692), as well, likewise, her position as administratrix (Steele v. Steele, 64 Ala. 438, 38 Am. Rep. 15), or her payment of $190 on the mortgage (Foster v. Foster, 219 Ala. 70, 121

---

[1] 220 Ala. 428.

So. 80). But plaintiff insists that conceding the foregoing, it should recover upon the theory of estoppel, as recognized by this court in Am. Ins. Co. v. Newberry, 215 Ala. 587, 112 So. 195, wherein the Pennsylvania case of Light v. Countrymen's Mut. Fire Co., 169 Pa. 310, 32 A. 439, 47 Am. St. Rep. 904, is quoted with approval. The argument on plaintiff's behalf is that the general agent Hendrix was made cognizant of the facts in regard to the title and of plaintiff's interest, and that so knowing these facts issued the policy sued upon. If such is established by the proof, the case would be brought within the influence of the Newberry Case, supra, and estoppel established.

■ In this latter authority, the court was careful to guard against any infringement upon the general rule of law condemning any mere gambling element of insurance, but held this was met by the proof which showed some sort of interest in the preservation of the property. The insured is not required to have technical knowledge, but must act in good faith and show such a relation to the property as would give him some sort of interest in its preservation.

We think the evidence here presented suffices to remove the "merely gambling" element from the case, and that this consideration is not sufficient to bar the pleading of estoppel.

The pleadings in the instant case did not properly present the issue here discussed. To obviate the fatal variance referred to, the complaint should be amended so as to show the facts, the application by plaintiff to the general agent for insurance of its interest in this property, and that the policy was issued in its present form in compliance with such request, for which consideration was paid by the plaintiff.

Upon the question of insurable interest, with proper complaint, it would seem plaintiff makes out a prima facie case upon establishing the essential averments of such a complaint by the proof as above indicated and that defendant should plead specially no insurable interest. Commercial Fire Ins. Co. v. Capital City Ins. Co., Pope v. Glenn Falls Ins. Co., supra.

The answer to such special plea would be by way of replication setting up the matter of estoppel. We have in a general way attempted to point out the proper procedure to present the issue as to insurable interest which appears to be considered the most important question.

Any other matter may, of course, be properly presented upon another trial upon a reformation of the pleading.

In this connection we may add, however, that we see no necessity of resort on plaintiff's part to a court of equity for reformation, but that its suit is maintainable in a court of law.

For the error indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

