517 So.2d 599 (1987)
ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY, INC.
v.
John K. BREWTON and Shirley C. Brewton.
86-325.
Supreme Court of Alabama.
November 20, 1987.
*600 Reggie Copeland, Jr. of Nettles, Barker, Janecky & Copeland, Mobile, for appellant.
James E. Hart, Jr., Brewton, and W.E. Garrett, Atmore, for appellees.
BEATTY, Justice.
This is an appeal by plaintiff, Alabama Farm Bureau Mutual Casualty Insurance Company, Inc. ("Farm Bureau"), from a judgment for defendants, John K. and Shirley C. Brewton, on defendants' counterclaim in plaintiff's declaratory judgment action. We reverse and remand.
For the factual background of this case, see Brewton v. Alabama Farm Bureau Mutual Casualty Ins. Co., 474 So.2d 1120 (Ala.1985). Briefly, on the first appeal of this case, this Court reversed the summary judgment that had been entered in favor of Farm Bureau and remanded the case for further proceedings on defendants' counterclaim based upon fraud.
After remand, the Brewtons amended their counterclaim to include a claim for negligence. Trial by jury ensued, with Farm Bureau's motions for a directed verdict, made at the close of the Brewtons' case and again at the close of all the evidence, being denied. The jury returned a verdict for the Brewtons in the amount of $40,000the sum of "$30,000 Damages" and "$10,000 Punitive Damages." Farm Bureau's post-judgment motions were denied, and this appeal followed.
Farm Bureau has presented several issues for our consideration, among them being the following: "Whether the trial court committed reversible error in allowing the policy declarations sheet and proof of loss into evidence." Because we have concluded that the trial court erred to reversal on this issue, it is unnecessary to consider other issues presented.
Prior to trial, Farm Bureau moved in limine to pretermit the admission into evidence of any references to the amount or dollar value of the contract claim under the policy. The grounds for this motion were: (1) that the Brewtons had no insurable interest in the property covered by the policy, as a matter of law, and (2) that this evidence would be of no probative value. Apparently this motion was not ruled upon.
During the ensuing trial, the Brewtons called Robert Woodall as an adverse witness. Mr. Woodall was the Farm Bureau agent with whom the Brewtons had dealt. The following testimonial exchange occurred pertinent to this issue:
"Q. (MR. HART) Now, Mr. Woodall, did you get a copy of the policy that came back from the home office?
"A. No.
"....
"A. I got a declaration.
"Q. All right, sir. Do ... your records reflect a declaration that was issued on this particular policy?
"A. It would be in the file.
"MR. COPELAND: We do. He doesn't, Jim. I need to clear that up.

*601 "MR. HART: I'd like to have this marked as Plaintiff's Exhibit 3 for identification.
"(Plaintiff's Exhibit 3 was marked for identification.)
"MR. COPELAND: Judge, my objection would not be to the declaration sheet on the policy but for the same reason that we raised earlier before we started with regard to value. And I assume you'll let me have a continuing objection, Judge.
"THE COURT: Yes, note it on the record, continuing objection.
"MR. HART: Yes, sir. I understand that, Judge.
"THE COURT: Objection is overruled."
This was followed by questions and answers relating to the contents of the declaration:
"Q. And the premium on here appears to be $207. But it is $207 or $209. Is that correct?
"A. Yes, sir.
"Q. And the dwelling was $20[,000] and the contents was $10,000?
"A. That's right.
"Q. All right, sir. You got one of these back, did you not, showing they
"A. Our office did.
"MR. HART: We offer this into evidence as Plaintiff's Exhibit 3.
"MR. COPELAND: No objection.
"THE COURT: Let it go in.
"MR. COPELAND: Other than the one already noted. No objection to authenticity of the document or anything like that.
"MR. HART. Okay.
"(Plaintiff's Exhibit 3 was received into evidence.)"
Although Farm Bureau's timely objection was to the identification of Exhibit 3 rather than to the admission of its contents, and thus renders the utilized procedure somewhat convoluted, nevertheless it is clear that the parties and the court understood, perhaps because of the motion in limine, that the objection initially made went to the contents of the declaration, i.e., the dollar amounts of coverage. Indeed, the Brewtons' lawyer "understood that." We find, therefore, contrary to the Brewtons' argument, that the objections to the contents of the declaration and the proof of loss, which was similarly treated, were timely made, and thus that the issue was preserved for review.
The Brewtons contend that the dollar amounts of coverage were relevant on their claim for fraud, and they explained their position in their brief:
"Even though this Court ruled in `Brewton I' [Brewton v. Alabama Farm Bureau Mutual Casualty Ins. Co., supra] that the Brewtons had no insurable interest in the property destroyed, they would be entitled to recover damages resulting from fraudulent representations which would place them in a position they would occupy if the representations had been true. The Brewtons relied on the representations of the Farm Bureau agent that coverage could be written on the dwelling to be insured even though it was not owned by the Brewtons. They paid a premium ... for $30,000.00 in fire insurance coverage that Farm Bureau represented to them could be written on the dwelling. The evidence was in sharp dispute as to the ownership of the property, but the jury resolved the disputed factual issues in favor of the Brewtons finding for them on their fraud claim. Therefore if the representations made to the Brewtons by the Farm Bureau agent, that the dwelling was to have been covered for $30,000.00, was not true the Brewtons would have been entitled to recover this amount for the total loss of the dwelling by fire. In order to place the Brewtons, the defrauded parties, in the position they would have occupied if the representations would have been true, they would have been entitled to $30,000.00 and this is what the jury awarded them, plus $10,000.00 in punitive damages...."
We respectfully disagree with that position. In the previous case, this Court found that the Brewtons had no insurable interest in the property covered by the policy of insurance and held that the contract of insurance was unenforceable. Thus, the contractual, or policy, benefits *602 could not be considered ipso facto as actual damages suffered through the alleged fraud against the Brewtons. Indeed, actual damage is an essential element of a fraud cause of action, Pihakis v. Cottrell, 286 Ala. 579, 243 So.2d 685 (1971), and although the Brewtons here did prove the loss of their premium payment, they did not prove, and could not prove, any loss to themselves under the policy of insurance. Payment of the premium and the loss of the time value thereof constituted actual damage, National States Ins. Co. v. Jones, 393 So.2d 1361 (Ala.1980), but, in accord with our earlier decision, payment of that premium did not entitle the Brewtons to recover under the policy for any loss to the subject property. The admission of the evidence complained of, on the other hand, allowed the jury to consider the policy amounts as evidence on which to make an award of damages, but damages awarded on that basis would be damages that, as a matter of law, the Brewtons could not recover. For this error, we must reverse the judgment and remand the cause. It is so ordered.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, HOUSTON and STEAGALL, JJ., concur.